1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALI-HASSAN ALI,<br><br>                        Petitioner,<br><br>        v.<br><br>KRISTI NOEM, et al.,<br><br>                        Respondents. | Case No. C26-360-SKV<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Ali Ali-Hassen ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center in Tacoma, Washington. Petitioner, through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he asserts that his re-detention after release from custody on an order of recognizance ("OREC") violates his constitutional right to due process under the Fifth Amendment to the United States Constitution. *See* Dkt. 1 at 17. Respondents, in a return to the petition, argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) and imply that his prior release was revocable at the Government's discretion, without a pre-deprivation hearing. *See* Dkt. 7 at 7. Having considered the Petition, the Return, and the governing law, the Court finds that the Government's re-detention of Petitioner, without prior

notice or an opportunity to be heard, violated his constitutional right to due process.[1] Accordingly, the Court GRANTS his habeas petition, ORDERS his release from custody within twenty-four (24) hours, and further ORDERS that he may not be re-detained without first being provided adequate notice of the grounds for his re-detention and a hearing before a neutral decisionmaker.

## I.    BACKGROUND

Petitioner is a native and citizen of Ethiopia. *See* Dkt. 1 at 1. He has one U.S. citizen child, his partner is currently pregnant, and he is the primary breadwinner for his family. *See id.* On or about January 27, 2022, Petitioner entered the United States without inspection and was apprehended by Border Patrol officials. *See id.* at 4. On February 11, 2022, Petitioner was released on an OREC. *See id.*; Dkt. 1-1. Petitioner subsequently attended ICE check-ins as required and applied for asylum and employment authorization. *See* Dkt. 1-1 at 2; Dkt. 1 at 4. On June 12, 2025, Petitioner's asylum application was dismissed on grounds that Department of Homeland Security ("DHS") records indicated he was previously placed in expedited removal proceedings. *See* Dkt. 9-6 at 2.

On January 20, 2026, ICE arrested Petitioner during an OREC check-in. *See* Dkt. 1 at 2. His OREC was revoked on January 20 or 21, 2026. *See* Dkt. 9-9 at 2 ("This memo is to document that ICE cancelled the most current Order of Release on Recognizance (Form I-220A) issued to the alien listed above for the reasons stated in the Form 1-213, dated January 20, 2025."); Dkt. 9-5 at 3 (Form 1-213, dated January 20, 2025, stating that Plaintiff was arrested because USCIS dismissed his I-589 asylum application in June 2025).

---

[1] Being fully apprised after reviewing Respondents' Return, the Court elects resolve this case before Petitioner's reply deadline.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 2

1    Petitioner requested a bond hearing before an Immigration Judge.  *See* Dkt. 1 at 5.  On

2  January 29, 2026, an Immigration Judge denied him bond, finding the Immigration Court lacked

3  jurisdiction on grounds that Petitioner was mandatorily detained under 8 U.S.C. § 1225.  *See id.*

4  at 6; Dkt. 1-4.

5    On February 4, 2026, United States Citizenship and Immigration Services ("USCIS")

6  conducted a credible fear interview with Petitioner and found he has a credible fear of harm if

7  returned to Ethiopia.  *See* Dkt. 8 at 3.

8                        II.    <u>DISCUSSION</u>

9    Federal courts have authority to grant writs of habeas corpus to individuals detained in

10  "violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3);

11  *Yildirim v. Hermosillo*, No. C25-2696-KKE, 2026 WL 111358, at *1 (W.D. Wash. Jan. 15,

12  2026).  Here, Petitioner claims his re-detention constitutes a deprivation of liberty without due

13  process of law in violation of the Fifth Amendment to the United States Constitution.[2]  *See* Dkt.

14  1 at 17; U.S. Const. Amend. V.  He argues that he was previously released on his own

15  recognizance, does not pose a flight risk or danger to the community, and was not afforded a

16  hearing pre-arrest to determine whether changed circumstances justified re-detention.  *See* Dkt. 1

17  at 18.  He asks the Court to order his immediate release or, in the alternative, provide him with a

18  bond hearing within five days.  *See id.* at 20.

19    "Freedom from imprisonment—from government custody, detention, or other forms of

20  physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."

21  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  It is well established that due process rights

22

23

---

[2] Petitioner also argues that Respondents wrongfully classified him as mandatorily detained in violation of the INA, and he moves the Court to declare him a member of the *Maldonado-Bautista* class.  *See* Dkt. 1 at 19–20.  Because the Court concludes Petitioner's re-detention violated due process, it declines to reach either issue.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 3

1    extend "to all 'persons' within the United States, including aliens, whether their presence here is

2    lawful, unlawful, temporary, or permanent." *Id.* at 693.

3         "Procedural due process imposes constraints on governmental decisions which deprive

4    individuals of 'liberty' . . . interests within the meaning of the Due Process Clause of the Fifth

5    . . . Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).  "The fundamental

6    requirement of due process is the opportunity to be heard 'at a meaningful time and in a

7    meaningful manner.'"  *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

8         While due process is flexible and adequate procedural protections can vary based on the

9    circumstances, *id.* at 334, courts look to the three-part test established in *Mathews v. Eldridge* to

10   determine what procedures suffice.  The *Mathews* test balances three factors:

11        First, the private interest that will be affected by the official action; second, the
          risk of an erroneous deprivation of such interest through the procedures used, and
12        the probable value, if any, of additional or substitute procedural safeguards; and
          finally, the Government's interest, including the function involved and the fiscal
13        and administrative burdens that the additional or substitute procedural
          requirement would entail.

14

15   *Id.* at 335.  "In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that

16   *Mathews*' three-part test applies in 'the immigration detention context[,]'" and this Court and

17   other district courts have applied it in cases such as this one that involve re-detention after

18   release.  *Yildirim*, 2026 WL 111358, at *2 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189,

19   1206–07 (9th Cir. 2022)); *see, e.g.*, *Cabrera Perez, v. Hermosillo*, No. C25-2542-RSM, 2026

20   WL 100735, at *6 (W.D. Wash. Jan. 14, 2026); *Llanes Tellez v. Bondi*, No. 25-CV-08982-PCP,

21   2025 WL 3677937, at *5 (N.D. Cal. Dec. 18, 2025).  Petitioner urges this Court to apply the

22   *Mathews*' test here.  *See* Dkt. 1 at 18.

23        In their Return, Respondents assert that Petitioner is subject to mandatory detention under

     8 U.S.C. § 1225(b) and therefore lawfully detained.  *See* Dkt. 7 at 7.  They make that argument

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 4

notwithstanding Petitioner's OREC, which states that, "[i]n accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations," Petitioner was "released on . . . [his] own recognizance[.]" Dkt. 1-1 at 1. "Section 236 of the Immigration and Nationality Act [("INA")] corresponds to 8 U.S.C. § 1226[,]" while different INA sections correspond to 8 U.S.C. § 1225. *Llanes Tellez*, 2025 WL 3677937, at *3; *Immigration and Nationality Act*, U.S. Citizenship & Immigration Services, https://www.uscis.gov/laws-and-policy/legislation/immigration-and-nationality-act (linking INA 236 to 8 U.S.C. 1226, the corresponding U.S. Code section).

The Court declines to deviate from well-reasoned decisions in this District holding that noncitizens already residing in the United States are subject to discretionary detention under Section 1226(a), *see, e.g.*, *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1335–36 (W.D. Wash. 2025), and that due process requires that individuals previously granted release be afforded a hearing prior to re-detention, *see, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025). Consistent with this District's precedents, and in view of Petitioner's order of release pursuant to Section 1226, the Court deems Section 1226 applicable, considers the *Mathews* factors as applied to this case, and evaluates whether Petitioner's re-detention comported with constitutional due process requirements.[3]

First, Petitioner has a constitutionally protected interest in his continued liberty. His interest in not being detained "is the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Since his initial release approximately four years ago, Petitioner became a father, and his partner is pregnant with their second child. He obtained employment

---

[3] Respondents address the *Mathews* factors in arguing that Petitioner is receiving all process to which he is due after re-detention. *See* Dkt. 7 at 11–12. Because the issue here is whether Petitioner was entitled to pre-deprivation process, Respondents' focus is misplaced.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 5

1   authorization and works to provide for his family. *See* Dkt. 1 at 1, 4. Even if the Government

2   had initial discretion to detain or release Petitioner, its decision to release him triggers "a

3   protected liberty interest in remaining out of custody[]" applicable here. *Pinchi v. Noem*, 792 F.

4   Supp. 3d 1025, 1032 (N.D. Cal. 2025). The first *Mathews* factor weighs in Petitioner's favor.

5         Second, the circumstances of Petitioner's arrest underscore the high risk of erroneous

6   deprivation of his liberty absent a pre-detention hearing. Petitioner asserts that,

7         [o]n January 28, 2026, DHS filed an I-213, Record of Deportable/Inadmissible
          Alien with the Immigration Court for the bond hearing. . . . On the I-213, drafted
8         on January 20, 2026, an immigration official claimed that Petitioner was issued an
          I-860 Expedited Removal Order on January 28, 2022. The official also claimed
9         that Petitioner was released pursuant to 212(d)(5), 8 U.S.C. § 1182(d)(5), parole.
          However, no parole document or expedite order was provided to the court. . . .
10        Counsel for Petitioner request a copy of the expedite order, and was advised it is
          not in the record. . . . Petitioner was not provided 212(d)(5) parole paperwork; he
11        was only provided a Release on Order of Recognizance pursuant to section 1226.
          Petitioner does not have any paperwork regarding an expedited removal. . . .
12        Upon information and belief, no expedite order or parole document exists in the
          record.
13
14  Dkt. 1 at 5. Respondents filed an Order of Expedited Removal dated January 28, 2022, with

15  their Return. *See* Dkt. 9-3 at 2. Respondents did not append any evidence that Petitioner was

16  released on parole, and a February 7, 2026, Notice to Appear states Petitioner was never paroled.

17  *See* Dkt. 9-7 at 2. Petitioner's re-detention prior to a hearing in which basic factual questions

18  regarding his initial release could be resolved maximized the risk that his liberty interest would

19  be erroneously deprived. The second *Mathews* factor favors Petitioner.

20        Finally, the Government's countervailing interest in detaining Petitioner prior to a

21  hearing is minimal. Petitioner has no criminal record, attends OREC check-ins regularly, and

22  provides for his pregnant partner and one-year-old child. *See* Dkt. 9-5 at 3; Dkt. 1 at 1; Dkt. 1-1

23  at 2 (OREC Personal Report Record). Respondents point to no exigency that required

    Petitioner's immediate re-detention on January 20, 2026, or any indication that he had become a

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 6

1    flight risk or danger to the community.  The Government's general interest in removing

2    deportable non-citizens would not have been, in any discernable way, burdened by affording

3    Petitioner notice and a hearing prior to re-detaining him.  *See Yildirim*, 2026 WL 111358, at *4.

4    Accordingly, the third *Mathews* factor also weighs in Petitioner's favor.

5         Acknowledging that courts in this District have "held that OREC creates a conditional

6    liberty interest requiring some process before revocation," Respondents insinuate that some

7    process was provided to Petitioner prior to his re-detention.  Dkt. 7 at 5 (citing *E.A. T.-B. v.*

8    *Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025)).  They argue that "Petitioner was

9    provided with written notice of his OREC revocation due to USCIS dismissing his I-589 for lack

10    of jurisdiction due to the expedited removal order."  Dkt. 7 at 5.

11         The record belies that representation.  The Notice of Dismissal of Form I-589, dated June

12    12, 2025, does not mention Petitioner's OREC, let alone forecast that it would be revoked.  *See*

13    Dkt. 9-6 (Exhibit 6).  Petitioner's OREC was issued on or around February 9, 2022, before he

14    submitted his I-589 application for asylum on April 13, 2022, and after issuance of an expedited

15    removal order on January 28, 2022.  Dkt. 8 at 2; Dkt. 9-4 at 2 (OREC); Dkt. 9-5 at 3 (noting I-

16    589 filing date); Dkt. 9-3 at 2 (Notice and Order of Expedited Removal).  So, there would appear

17    to be no dependencies between Petitioner's asylum application and his preexisting OREC.  Nor

18    did a preexisting order of expedited removal disqualify him from release on an OREC.  The

19    Government's position that dismissal of Petitioner's affirmative application for asylum due to an

20    expedited removal order that predated, yet did not preclude, his release on an OREC afforded

21    Petitioner notice that his OREC would be revoked is untenable.

22         The Court concludes that Petitioner has shown, by a preponderance of the evidence, that

23    he is being unconstitutionally held.  Petitioner was entitled to due process before being deprived

of his liberty interest in continued release.  Because no notice was given and no hearing was held before he was re-detained, his constitutional right to due process was violated.

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief," *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013), and may dispose of habeas matters "as law and justice require," 28 U.S.C. § 2243.  Respondents contend that, if the "Court finds that Petitioner is detained pursuant to Section 1226(a), then the appropriate relief would be . . . order[ing] the immigration court to provide Petitioner with a bond hearing[,]" not release from custody.  Dkt. 7 at 10.  The Court disagrees.  Here, the appropriate remedy for re-detention effected in violation of Plaintiff's due process rights is reversal of that harm through immediate release.

III.    <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS the habeas petition at Docket No. 1 and ORDERS that Petitioner be released from custody within **twenty-four (24) hours** of the issuance of this Order, subject to the same conditions of release that governed before he was re-detained.  The Court further ORDERS that Petitioner shall not be re-detained without adequate notice and a hearing before a neutral decisionmaker.  Within **twenty-four (24) hours** of the issuance of this Order, the Government is ORDERED to file a declaration confirming that Petitioner has been released.

Any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 20th day of February, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 8